**The document below is signed with the words "After the debtor filed to timely respond to the motion" changed to "After the debtor failed to timely respond to the motion".  Dated: August 15, 2010.**



                     **S. Martin Teel, Jr.
                     U.S. Bankruptcy Judge**

```
               UNITED STATES BANKRUPTCY COURT
                FOR THE DISTRICT OF COLUMBIA

In re                         )
                              )
KEVIN MAURICE GRAY,           )   Case No. 09-00753
                              )   (Chapter 13)
          Debtor.             )
                              )   Not for publication in
                              )   West's Bankruptcy Reporter
```

### MEMORANDUM DECISION AND ORDER DENYING MOTION TO RECONSIDER ORDER TERMINATING AUTOMATIC STAY AS TO THE REAL PROPERTY LOCATED AT 1285 OATES STREET NE, WASHINGTON, DC 20002

On August 30, 2009, the debtor commenced the above-captioned case under chapter 13 of the bankruptcy code and the court confirmed his plan on November 30, 2009.  On June 21, 2010, Aurora Loan Services, LLC, filed a motion for relief from the automatic stay as to 1285 Oates Street NE, Washington, DC 20002, based on the debtor's failure to make post-petition payments under his chapter 13 plan.  Aurora set the motion for hearing on July 22, 2010.  After the debtor filed to timely respond to the motion, the court entered an order on July 22 granting relief from the stay.

On August 10, 2010, 19 days after the entry of the order granting Aurora relief from the stay, the debtor filed a motion to reconsider.  In his motion, the debtor states that he was

represented by counsel during these proceedings, that he had no communication with his attorney regarding Aurora's motion, that his attorney did not inform him that the motion would not be heard, and that his attorney did not appear at the hearing on the motion.  The debtor further states in his motion that his attorney "has not adequately and sufficiently advised" him and that he wants to obtain new counsel.  Gray asks the court to reconsider its order granting Aurora relief from the automatic stay and conduct a hearing on the motion, which will "allow Debtor to have competent and diligent counsel to represent him in this matter."

Under Federal Rule of Bankruptcy Procedure 9023, the debtor may file a motion to alter or amend a judgment within 14 days of the entry of the judgment.  In filing a motion reconsider, however, a movant must set forth grounds that would warrant the court setting aside its prior order.  Because the debtor's motion to reconsider fails to address the merits of Aurora's motion and, in event, is untimely under Rule 9023, it is

ORDERED that the debtor's motion to reconsider the court's order granting Aurora Loan Services, LLC's, motion for relief from the automatic stay as to real property located at 1285 Oates Street NE, Washington, DC 20002 (Dkt. No. 69) is DENIED.

[Signed and dated above.]

Copies to: Debtor; Debtor's Attorney; Renee Dyson, attorney for Aurora Loan Services, LLC; Chapter 13 Trustee.